IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

-------------------------------------------------------------X
JOAN MCGUIRE, Individually and On  :
Behalf of All Others Similarly Situated, :
                                                      :
                       Plaintiff,             :    **COLLECTIVE ACTION**
                                                      :    **COMPLAINT**
    -against-                          :
                                                      :
INTELIDENT SOLUTIONS, LLC and  :
COAST DENTAL SERVICES, LLC,   :
                                                      :
                       Defendants.         :
-------------------------------------------------------------X

## INTRODUCTION

Plaintiff Joan McGuire ("Plaintiff"), individually and on behalf of all others similarly situated, files this Collective Action Complaint against Defendants Intelident Solutions, LLC and Coast Dental Services, LLC (collectively, "Coast Dental" or "Defendants") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") on behalf of Plaintiff and all current and former Office Managers ("OMs") who worked at any of Defendants' locations in the United States. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1.     Plaintiff alleges, on behalf of herself and other current and former OMs who will opt into this action pursuant to the FLSA, that she and other OMs are entitled to: (i) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, (ii) liquidated damages under the FLSA, and (iii) reasonable attorneys' fees and costs of this action.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to pursuant to 29 U.S.C. § 216(b).

3. Defendants are subject to personal jurisdiction in the Middle District of Florida.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendants in this District and a substantial part of the events or omissions giving rise to the claim occurred within this District.

5. Each Defendant is a covered employer within the meaning of the FLSA.

## THE PARTIES

*Plaintiff Joan McGuire*

6. Plaintiff was, at all relevant times, an adult individual residing in Rockledge, Florida.

7. During all relevant times, Plaintiff was employed by Defendants as an OM from on or about February 2013 until on or about March 2017, at Defendants' offices located in Vero Beach, Florida (Indian River County), and later in Palm Bay, Florida (Brevard County).

8. Plaintiff's written consent to join this action is attached hereto as Exhibit A.

*Defendants*

9. Defendant Intelident Solutions, LLC, is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters in Tampa, Florida.

10. Defendant Coast Dental Services, LLC, is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters in Tampa, Florida.

11. Defendants provide administrative and business support services to Coast Dental branded practices, including the employment of Coast Dental OMs.

12. Each Defendant currently employs OMs in over 120 locations across multiple states including Florida, Georgia, Nevada and Texas.

13. Each Defendant has directly and/or indirectly employed Plaintiff and employs other similarly situated current and former OMs at its Coast Dental locations nationwide.

14. At all times relevant, each Defendant has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

15. Upon information and belief, these Defendants operate in concert and together in a common enterprise and through related activities so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA.

16. At all times relevant, each Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

17. At all times relevant, each Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because each Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

18. Each Defendant has had and has a gross volume of sales made or business done of not less than $500,000.00.

19. At all times relevant, Plaintiff and all similarly situated OMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

20. Defendants issued paychecks to the Plaintiff and all similarly situated employees during their employment.

21. Defendants directed the work of Plaintiff and similarly situated employees, and benefited from work performed that it suffered or permitted from them.

22. Plaintiff and similarly situated employees worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA.

23. Pursuant to Defendants' policy and pattern or practice, Defendants did not pay Plaintiff and other similarly situated employees proper overtime wages for hours they worked for its benefit in excess of 40 hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

24. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute her FLSA claim as a collective action on behalf of all current and former OMs, and other similarly situated current and former employees holding comparable positions but different titles, who are or were employed by Defendants at its locations nationwide at any time from May 16, 2015 to the entry of judgment in this case (the "Putative FLSA Collective").

25. Defendants are jointly and/or severally liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and the Putative FLSA Collective members.

26. There are numerous similarly situated current and former OMs (and other employees holding comparable positions, but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative FLSA Collective members pursuant to 29 U.S.C. § 216(b).

27. Those similarly situated employees are known to Defendants, are readily identifiable and can be located through Defendants' records.

28. Plaintiff and the Putative FLSA Collective members, all of whom regularly worked more than 40 hours in a workweek, were employed as OMs by Defendants at their Coast Dental locations.

4

29. Defendants failed to pay Plaintiff and the Putative FLSA Collective members overtime compensation for the hours they worked over 40 in a workweek.

30. Defendants failed to keep accurate records of all hours worked by Plaintiff and the Putative FLSA Collective members.

31. Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit the Plaintiff and the Putative FLSA Collective members to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked.

32. Defendants assigned the work that the Plaintiff and the Putative FLSA Collective members have performed or Defendants were aware of the work they performed.

33. The work performed by the Plaintiff and the Putative FLSA Collective members constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

34. Defendants are aware, or should have been aware, that the FLSA requires it to pay the Plaintiff and the Putative FLSA Collective members an overtime premium for hours worked in excess of 40 hours per workweek.

35. Defendants have intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiff and the Putative FLSA Collective members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendants' corporate headquarters.  This policy, pattern or practice includes but is not limited to:

    a. willfully failing to record all of the time the Plaintiff and the Putative FLSA Collective members have worked for the benefit of Defendants;

    b. willfully failing to keep accurate time records as required by the FLSA;

  c.  willfully failing to credit the Plaintiff and the Putative FLSA Collective members for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

  d.  willfully failing to pay the Plaintiff and the Putative FLSA Collective members wages for all hours worked including overtime wages for hours in excess of 40 hours per workweek.

## PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

36. Consistent with Defendants' policy, pattern or practice, Plaintiff and the Putative FLSA Collective members regularly worked in excess of 40 hours per workweek without being paid overtime wages.

37. All Putative FLSA Collective members performed the same primary job duties.

38. The primary duties that Plaintiff and the other OMs regularly performed include, but are not limited to:

  a.  customer service;

  b.  operations duties;

  c.  selling services and financing plans;

  d.  answering phones; and

  e.  clerical and data entry duties.

39. Plaintiff's and the other OMs' primary job duties did not include:

  a.  hiring;

  b.  firing;

  c.  setting rates of pay;

  d.  scheduling; or

  e.  disciplining other employees.

6

40. Plaintiff's and the other OMs' primary duties did not differ substantially from the duties of non-exempt hourly paid employees.

41. Plaintiff and the other OMs did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

42. Plaintiff's and the other OMs' primary duties were customer service and sales related. Customer service and sales occupied the majority of the Plaintiff's and the other OMs' working hours.

43. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendants classified all OMs as exempt from coverage of the overtime provisions of the FLSA and applicable state laws.

44. Defendants did not perform a person-by-person analysis of every OMs' job duties when making the decision to classify all of them (and other employees holding comparable positions but different titles) as exempt from the FLSA's overtime protections, as well as the protections of applicable state laws.

45. Upon information and belief, Defendants' unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

46. Defendants' failure to pay overtime wages for work performed by the Putative FLSA Collective in excess of 40 hours per workweek was willful.

47. Defendants' unlawful conduct has been widespread, repeated and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act: Unpaid Overtime Wages**
**Brought on Behalf of Plaintiff and the Putative FLSA Collective Members**

48. Plaintiff and the Putative FLSA Collective members, reallege and incorporate by reference all prior paragraphs as if they were set forth again herein.

49. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

50. Plaintiff and the Putative FLSA Collective members have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

51. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* apply to Defendants.

52. At all relevant times, Plaintiff and the Putative FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53. Each Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

54. At all times relevant, Plaintiff and the Putative FLSA Collective members were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

55. Defendants have failed to pay Plaintiff and other similarly situated Putative FLSA Collective members the overtime wages to which they were entitled under the FLSA.

56. Defendants' violations of the FLSA, as described in the Collective Action Complaint, have been intentional and willful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and other similarly situated Putative FLSA Collective members.

57. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as may be tolled by equity or agreement of the parties.

58. As a result of Defendants' violations of the FLSA, Plaintiff and all other similarly situated Putative FLSA Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

59. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated Putative FLSA Collective members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated Putative FLSA Collective members, prays for the following relief:

A. At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or the Court issue such notice, informing all similarly situated OMs of the nature of this action and of their right to join this lawsuit;

B. Certification of the collective consisting of Plaintiff and all similarly situated OMs;

C. Designation of Plaintiff as representative of the Putative FLSA Collective, and counsel of record as Class Counsel;

D. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

E. Pre-judgment interest and post-judgment interest, as provided by law;

F. Attorneys' fees and costs of the action, including expert fees;

G. Payment of a service award to Plaintiff, in recognition of the services she has rendered, and will continue to render, to the Collective; and

H. Such other relief as this Court deems just and proper.

Dated: December 11, 2018
Boca Raton, FL

Respectfully submitted,

By: *s/ Gregg I. Shavitz*
Gregg I. Shavitz
**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz
gshavitz@shavitzlaw.com
Paolo C. Meireles
pmeirels@shavitzlaw.com
Alan L. Quiles
aquiles@shavitzlaw.com
Logan A. Pardell
lpardell@shavitzlaw.com
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Fax: (561) 447-8831

*Attorneys for Plaintiff and the Putative FLSA Collective*

# EXHIBIT A

# CONSENT TO JOIN FORM

      1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), Coast Dental, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by: *Joan M. McGuire*

Signature

Joan McGuire

Print Name