UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOAN MCGUIRE,

    Plaintiff,

v.                                                           Case No: 8:18-cv-2995-T-30SPF

INTELIDENT SOLUTIONS, LLC and
COAST DENTAL SERVICES, LLC,

    Defendants.
_____

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Conditionally Certify an FLSA Collective Action and Authorize Notice to Potential Collective Members (Dkt. 15), Defendants' Memorandum in Opposition (Dkt. 32), and Plaintiff's Reply (Dkt. 46). The Court, having reviewed the filings, and being otherwise advised in the premises, concludes that Plaintiff's Motion should be granted in part. The Court will conditionally certify a class of Office Managers, excluding Office Managers who signed a valid arbitration agreement.

## BACKGROUND

Plaintiff Joan McGuire ("Plaintiff") worked for Defendants Intelident Solutions, LLC and Coast Dental Services, LLC (collectively "Defendants") as an Office Manager ("OM") from approximately February of 2013 to March of 2017. She alleges herself and all other OMs who worked for Defendants during the relevant class period are owed unpaid overtime wages. Plaintiff alleges Defendants willfully misclassified OMs as exempt

employees under the Fair Labor Standards Act ("FLSA") and failed to keep accurate time records. Plaintiff also alleges OMs primarily engage in work related to customer service, operations, and administration, including answering phones and entering data.

Plaintiff moves to conditionally certify a class of all OMs, or people with similarly titled positions, who worked at a Coast Dental location any time after May 16, 2015, through a date the parties dispute. Defendants filed a Memorandum in Opposition and Plaintiff filed a Reply. The matter is ripe for review.

## **FLSA CERTIFICATION STANDARD**

An action to recover unpaid wages may be brought, according to the FLSA, "against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The purpose of these collective actions are "to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employee." *Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003). The decision to conditionally certify a collective FLSA action lies within the sound discretion of the district court. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001).

District courts in the Eleventh Circuit use a two-tiered approach to FLSA collective-action certification:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.

2

> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial . . .

*Id.* at 1218 (quoting *Mooney v. Armco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

At the notice stage, a plaintiff must provide a "reasonable basis" that there are similarly situated employees who desire to opt into the lawsuit. *Morgan v. Family Dollar Store, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008); *see Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 2008). This is a lenient standard. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). But it is a standard nonetheless, one in which a plaintiff meets by a showing of: (1) a desire to opt in, from (2) similarly situated employees. *Id.* When determining whether the standard is met, courts may consider affidavits of other employees, notices of consent to join the lawsuit, or expert evidence. *See id.* at 1097; *Hart v. JP Morgan Chase Bank, N.A.*, No. 8:12-cv-00470-T-27TBM, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012). The unsupported assertions of plaintiff or counsel, however, will not suffice. *Id. See also Morgan*, 551 F.3d at 1261.

## **DISCUSSION**

Defendants argue the Court should deny Plaintiff's Motion because 1) some OMs signed arbitration agreements; 2) there is not enough interest from other OMs to join this

3

action; 3) Plaintiff failed to show OMs were similarly situated; and 4) Plaintiff's notice plan and notice form are deficient. The Court addresses each argument in turn.

Arbitration Agreements

Of the 426 OMs in the proposed class, Defendants say 231 signed valid arbitration agreements. Defendants argue that OMs who signed arbitration agreements are not potential plaintiffs and should not be sent notice. Plaintiff disagrees.

Both parties discuss the recent Fifth Circuit opinion *In re J.P. Morgan Chase & Company*, 916 F.3d 494 (5th Cir. 2019). There, reviewing the district court's decision to grant conditional certification of a class of employees, the Fifth Circuit held it was error for the district court to direct notice be sent to the entire class when some of the employees in the class signed arbitration agreements. Of note, at least one named plaintiff was subject to a binding arbitration agreement and the plaintiffs "did not intend to contest the validity or enforceability of the agreements." *Id*. at. 498. The Fifth Circuit recognized that "[f]ederal district courts have splintered over [the issue of sending notice of a collective action to 'Arbitration Employees'], and no court of appeals has weighed in." *Id*. at 499–500. As the first court of appeals to do so, the Fifth Circuit declared "that district courts may not send notice to an employee with a valid arbitration agreement unless the record shows that nothing in the agreement would prohibit the employee from participating in the collective action." *Id*. at 501.

Plaintiff argues other district courts in this Circuit wait until the second stage of collective certification to address arbitration agreements. *See Compagnone v. DL Pool Serv.*, LLC, 215CV647FTM99MRM, 2016 WL 6575087, at *3 (M.D. Fla. Nov. 7, 2016)

4

("Defendant also argues that because some putative plaintiffs signed arbitration agreements, they are not similarly situated. Many courts have held that issues regarding arbitration agreements executed by employees are more properly examined at the second tier of the certification process because they involve merit-based determinations.") (listing cases). But all of the cases Plaintiff cites are from before *In re J.P. Morgan*.

Plaintiff does not challenge the validity or enforceability of any arbitration agreement in her Reply. In fact she can't, because she did not sign one. Since there is no challenge to the validity of the arbitration agreements some OMs signed, the Court turns to whether notice should be sent to those OMs who signed agreements. The Court agrees with the Fifth Circuit that employees who signed a binding arbitration agreement are not "potential plaintiffs." The Court also agrees with Defendants' concerns about sending notice of this action to employees who cannot participate. Therefore, OMs who may be subject to a valid arbitration agreement should be excluded from this collective action at this notice stage. *See e.g.*, *Dearth v. Hartford Fire Ins. Co.*, 6:16-CV-1603-ORL-37KRS, 2018 WL 4537474, at *1 (M.D. Fla. Sept. 4, 2018), *report and recommendation adopted sub nom. Bachmann v. Hartford Fire Ins. Co.*, 6:16-CV-1603-ORL-37-KRS, 2018 WL 4502976 (M.D. Fla. Sept. 20, 2018) ("The class of Analysts excludes employees who assented to Defendant's arbitration policy."); *Stuven v. Texas de Brazil (Tampa) Corp.*, 8:12-CV-1283-T-24TGW, 2013 WL 610651, at *5 (M.D. Fla. Feb. 19, 2013) ("...pursuant to the parties' agreement, the class shall exclude employees who signed arbitration agreements, and the proposed notice should reflect this exclusion.").

Interest from Other OMs

Defendants support approximately 91 offices in Florida, 26 offices in Georgia, two offices in Nevada, and one office in Texas. Plaintiff worked at an office in Florida; one opt-in plaintiff worked for a different office in Florida; and one opt-in plaintiff worked for an office in Georgia.[1] Defendants argue this is not enough interest from opt-in plaintiffs to support a nationwide class of OMs. Alternatively, Defendants argue conditional certification should be limited to the OMs for the three offices Plaintiff and the opt-in plaintiffs worked.

But the record now contains additional opt-in plaintiffs who worked at other locations in Florida. *See* Dkt. 44 (Naples, Florida; Zephyrhills, Florida; Fort Myers, Florida); Dkt. 45 (Fort Myers, Florida); Dkt 47 (Tampa, Florida; Sarasota, Florida). The interest from opt-in plaintiffs is proportionate to the number of offices in each state. The Court is not aware if any of these opt-in plaintiffs signed a binding arbitration agreement. But as it stands, enough opt-in plaintiffs have expressed a desire to join this lawsuit.

Similarly Situated OMs

Defendants also argue the OMs are not similarly situated. Defendants describe the variation of an OM's responsibilities depending on the size of the office and the District Manager's management style, among other things.

---

[1] Both Plaintiff and the opt-in plaintiffs list a number of people they know will want to opt into the action. Though these statements are not nearly as persuasive as the notices of opt-in filed by other individuals, each is still a statement made in a sworn declaration.

Defendants' arguments (and competing declarations) are better suited for the second stage of conditional certification. *See Pena v. Handy Wash, Inc.*, 28 F. Supp. 3d 1289, 1300 (S.D. Fla. 2014) ("at this first-tier inquiry, the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations. Indeed, a court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated." (citation omitted).

At this second stage, the similarly situated standard is not as lenient as during this first stage. *See Pena v. Handy Wash, Inc.*, 14-20352-CIV, 2015 WL 11713032, at *2 (S.D. Fla. May 22, 2015) (decertifying class). But for now, Plaintiff has met her burden. Plaintiff established that all OMs had the same job description, were salaried, and were classified as exempt by Defendants. She also presented declarations from opt-ins plaintiffs. *See Green v. Grand Villa of St. Petersburg*, 8:15-CV-1973-T-30, 2015 WL 7777537, at *2 (M.D. Fla. Dec. 3, 2015) (Moody, J.) ("plaintiff need only demonstrate that her position is similar, not identical, to the positions of potential class plaintiffs.").

Whether all OMs are similarly situated may involve some individualized analyses. For example, Defendants point out that some OMs had hiring and firing responsibilities. Those analyses are better left for the second stage of certification.

<u>Defective Notice</u>

Defendants argue Plaintiff's notice form and plan are both defective. Plaintiff does not address the arguments in her Reply. The Court will direct the parties to file a proposed joint notice and notice plan by August 7, 2019. If the parties cannot agree on the notice or plan, they can each file their own by the same deadline.

Upon review and consideration, it is therefore

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Conditionally Certify (Dkt. 15) is GRANTED in part as described herein.

2. The parties shall file a joint proposed notice and notice plan, or separate notices and notice plans, by August 7, 2019.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of July, 2019.

*[Signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record