UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOAN MCGUIRE,

    Plaintiff,

v.                                      CASE NO. 8:18-cv-2995-T-23SPF

INTELIDENT SOLUTIONS, LLC, et al.,

    Defendants.
_____/

**ORDER**

In this Fair Labor Standards Act collective action, the parties announce a settlement and move (Doc. 89) for approval. The magistrate judge issues (Doc. 90) a report and recommendation and finds that the "settlement is a fair and reasonable compromise." (Doc. 90 at 8) Specifically, the magistrate judge (1) finds that the "$7,500.00 service award to the Named Plaintiff is fair and reasonable" (Doc. 90 at 11); (2) finds that the attorney's fee "request is reasonable" (Doc. 90 at 16); (3) recommends reducing the recoverable costs from $19,973.70 to $490.30 and "return[ing] to the Net Fund for distribution to Plaintiffs" the disallowed costs, that is, $19,483.40 (Doc. 90 at 18); (4) advises "approv[ing] settlement administration fees not to exceed $8,500.00, the amount Shavitz declares his firm expended on

administration fees for the conditional certification notice process" (Doc. 90 at 18)[1]; (5) recommends revising the notice to include the dollar amount of both the settlement and the attorney's fee (Doc. 90 at 19)[2]; and (6) advises retaining jurisdiction "for settlement enforcement purposes" until 180 days after the settlement administrator issues the settlement checks and notice packets. (Doc. 90 at 20)

No party objects to the well-reasoned report, and the report is sound and supported by the governing law. The report and recommendation (Doc. 90) is **ADOPTED**.

The parties' settlement is "fair and reasonable" and the motion (Doc. 89) for approval is **GRANTED-IN-PART**. The parties' proposed notice of settlement and distribution method, with the revision to include the total settlement amount and attorney's fee award, is **APPROVED**. The $7,500.00 service award to the named plaintiff is **APPROVED** and must be paid from the gross fund. The $440,000.00 attorney's fee is **APPROVED**, the settlement administrator's fee is **APPROVED** (and must not exceed $8,500.00), and the plaintiffs' counsel is entitled to $490.30 in costs. Each of these three payments must be extracted from the "gross fund."

This action is **DISMISSED WITH PREJUDICE**. The clerk is directed to **ADMINISTRATIVELY CLOSE** the case, and jurisdiction to enforce the settlement

---

[1] If the administration fee falls below $8,500, the magistrate judge recommends that "the remainder should become a part of the Net Fund for distribution to Plaintiffs." (Doc. 90 at 18)

[2] Although the class notice states that the attorneys will receive one-third of the settlement, "it does not provide the amount of the Gross Fund." (Doc. 90 at 19)

remains for 180 days after issuance of the settlement checks. No later than **180 DAYS** after issuance of the settlement checks, the parties must submit a notice of compliance with this order.

    ORDERED in Tampa, Florida, on September 28, 2020.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE