UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOAN MCGUIRE, Individually and On
Behalf of All Others Similarly Situated,

    Plaintiff,

v.                                Case No.  8:18-cv-02995-T-23SPF

INTELIDENT SOLUTIONS, LLC and
COAST DENTAL SERVICES, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

In this settled Fair Labor Standards Act ("FLSA") collective action, before the Court are Plaintiffs' motion for entry of final judgment under Rule 58 (Doc. 115), Defendants' response (Doc. 118), Plaintiffs' reply (Doc. 124), and Plaintiffs' notice of supplemental authority (Doc. 135).  The undersigned held an October 4, 2021 hearing and recommends Plaintiffs' motion be granted.

    **I.**    **Background**

Plaintiffs are 93 office managers who sued their employer, Defendants Intelident Solutions, LLC and Coast Dental Services, LLC (collectively, "Coast Dental" or "Defendants"), for unpaid overtime wages.  In September 2020, the District Judge approved the parties' settlement agreement as fair, adequate, and reasonable under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), and retained jurisdiction to enforce the settlement for 180 days after the settlement administrator issued checks to Plaintiffs (Doc. 91).  In their motion to approve the settlement, the parties did not ask the

Court to enter judgment. The District Judge dismissed the case with prejudice and directed the Clerk to administratively close the case (*Id*. at 2-3).

The settlement agreement required Defendants to pay Plaintiffs $1,320,000 in two installments through a third-party settlement administrator – $447,990.30 on January 12, 2021 and the remaining $872,009.70 on February 11, 2021 (*see* Doc. 89-2). Defendants did not fund the settlement according to this timeline. Instead, Defendants filed a motion to abate its settlement obligations, citing what it characterized as an unforeseeable, pandemic-related business downturn (Doc. 92). The District Judge denied Defendants' motion on July 6, 2021 (Doc. 114).

The next month, their settlement still unfunded, Plaintiffs moved for a final judgment for the full amount, $1,320,000 (Doc. 115). In their opposition to the motion, Defendants concede they owe Plaintiffs but argue Plaintiffs should enforce the agreement through a separate breach of contract action (Doc. 118). Then, on September 15, 2021 (eight months after Defendants' first payment was due and a week after opposing Plaintiffs' motion), Defendants paid $329,936.13 to the settlement administrator as a partial payment "consistent with the payment plan proposed by the Defendant" (Doc. 125 at 1). Plaintiffs quickly notified the Court "[t]his purported partial payment was made unilaterally and no agreement exists regarding any installment plan or deferral of the balance of settlement amounts due." (Doc. 126 at 1). At the hearing, Plaintiffs clarified that, notwithstanding Defendants' partial payment, they seek a $1,320,000 final judgment.

**II.    Analysis**

Plaintiffs move for final judgment under either Rule 58(b)(1)(B) or Rule 58(b)(2)(B), arguing the Court's Approval Order is a "stipulated judgment" under the Eleventh Circuit's

2

decision in *Lynn's Food*, 679 F.2d at 1352-53 (Doc. 124 at 3).[1]  Defendants counter that "the Settlement Agreement may only be enforced as would any contract, in a breach of contract action – not by way of a motion under Rule 58 where this Court has not otherwise granted relief.  The plaintiff would need to plead and prove a breach of the Settlement Agreement and the defendants would be permitted to defend the same." (Doc. 118 at 4).

Defendants overlook that a settlement between private parties in an FLSA back wages case is unique.  It is not simply a contract entered into by private parties, but it is one the court has given its stamp of approval.  Under *Lynn's Food*, 679 F.2d at 1352-54, settling parties must present their agreement to the court, and the court scrutinizes it and approves it only if the agreement reflects a fair and reasonable compromise of a disputed issue.  *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1236 (M.D. Fla. 2010).  An FLSA settlement agreement is valid "only if the district court enter[s] a 'stipulated judgment' approving it." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013) (citing *Lynn's Food*, 679 F.2d at 1352-53).  Put differently, to settle an FLSA wage claim (when the Department of Labor is not involved), private parties must "'present to the district court a proposed settlement,' and successfully move the district

---

[1] Rule 58 states:

(b) **Entering Judgment.**
    (1) *Without the Court's Direction.*  Subject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when:
        (A) the jury returns a general verdict;
        (B) the court awards only costs or a sum certain; or
        (C) the court denies all relief.
    (2) *Court's Approval Required.*  Subject to Rule 54(b), the court must promptly approve the form of the judgment, which the clerk must promptly enter, when:
        (A) the jury returns a special verdict or a general verdict with answers to written questions; or
        (B) the court grants other relief not described in this subdivision (b).

court to 'enter a stipulated judgment after scrutinizing the settlement for fairness.'" *Flood v. First Family Ins. Co.*, 514 F.Supp.3d 1384, 1386 (M.D. Fla. 2021) (quoting *Lynn's Food*, 679 F.2d at 1353); *Mygrant v. Gulf Coast Restaurant Grp., Inc.*, No. 18-0264-WS-M, 2020 WL 6309742, at *1 (S.D. Ala. Oct. 28, 2020).

The Eleventh Circuit has not defined the term "stipulated judgment" other than to say, "a judgment to which one side objects is not a stipulated one." *Nall*, 723 F.3d at 1308. But *Nall* does not easily analogize to this case. In *Nall*, the plaintiff's attorney denied all along that the settlement was a fair and reasonable resolution of the dispute.[2] But here, the Court's Approval Order scrutinized the settlement agreement, found it fair and reasonable (as both parties requested), retained jurisdiction to enforce the settlement, and dismissed the case with prejudice (Doc. 91). Only now do Defendants object to a judgment directing them to pay the sums they agreed to pay (and in fact have paid a portion of). The purpose of requiring judicial scrutiny over FLSA settlements is to protect employees from the inherent bargaining advantage their employers have while holding onto owed wages. *See Flood*, 514 F.Supp.3d at 1386. The Eleventh Circuit has not indicated it intended the *Lynn's Food* requirements to protect employers, particularly one represented by counsel, from having an agreed settlement enforced.

---

[2] The individual defendant in *Nall*, who was unrepresented at the time, asked the plaintiff (his former employee) to meet with him without her lawyer. 723 F.3d at 1305-06. She did so and at the meeting accepted the defendant's offer of cash in exchange for signing documents dismissing the case. *Id*. The court did not accept the filing, as the plaintiff had filed her complaint through an attorney who still represented her, and it defaulted the defendant. *Id*. at 1306. Defendant then retained counsel and filed a motion to set aside the default, enforce the settlement, and dismiss the case. The district court found the settlement fair and reasonable under *Lynn's Food*, granted the motion, and dismissed the case. *Id*. But the Eleventh Circuit vacated the district court's judgment of dismissal, finding the settlement was not a "stipulated judgment" under *Lynn's Food* because the plaintiff's counsel, who was not present for the negotiation, objected to the settlement. *Id*. at 1308.

4

The Court's Approval Order satisfies the *Lynn's Food* requirement of a stipulated judgment evincing the court's determination that the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." 679 F.2d at 1355; *see Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 935 (11th Cir. 2013) (noting if a district court expressly retains jurisdiction to enforce an FLSA settlement, it is the "functional equivalent" of a consent decree, and plaintiff is the prevailing party for purposes of recovering attorney's fees); *Beharrie-Lue v. Felt Home Care, Inc.*, No. 09-61246-CV, 2010 WL 2985650, at *1 (S.D. Fla. Jul. 28, 2010) (granting plaintiff's motion to enforce court-approved FLSA settlement and to enter final judgment for outstanding settlement balance, seven months after court's approval order); *Garcia v. Rambo Security Patrol, Inc.*, No. 08-22303, 2010 WL 750296, at *3 (S.D. Fla. Mar. 3, 2010) (finding FLSA settlement fair and reasonable and entering final judgment for plaintiff for unpaid settlement amount); *Romero v. New Blue Flowers Gourmet Corp.*, No. 16cv8753(DF), 2021 WL 860986, at *3-4 (S.D.N.Y. Mar. 8, 2021) (acknowledging that in Second Circuit, FLSA settlement is subject to judicial review for fairness and adequacy, court can exercise ancillary jurisdiction to enforce settlement's terms if it retains jurisdiction, and "the court may proceed to enforce the agreement by entry of judgment.").

The Court expressly retained jurisdiction over the settlement agreement and has ancillary jurisdiction to enforce it by entry of judgment. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381; *Rosner v. United States*, 517 F. App'x 762, 765 (11th Cir. 2013). Defendants concede they have breached the agreement by not making payments as required. Consequently, Plaintiffs are entitled to judgment in the amount of $990,063.87, which represents the full amount of the settlement ($1,320,000) minus Defendants' partial payment ($329,936.13). *See Beharrie-Lue*, 2010 WL 2985650, at *1; *Garcia*, 2010 WL 750296, at * 3.

### III.     Conclusion

The Court recommends:

(1) Plaintiffs' Motion for Entry of Final Judgment (Doc. 115) be GRANTED; and

(2) The Clerk of Court be directed to enter judgment for Plaintiffs and against Defendants in the amount of $990,063.87, together with post-judgment interest accruing on the amount of the judgment pursuant to 11 U.S.C. § 1961(a).

IT IS SO REPORTED at Tampa, Florida on November 1, 2021.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE


### NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object under § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions in this Report and Recommendation.  11th Cir. R. 3-1.