UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOAN MCGUIRE, Individually and On
Behalf of All Others Similarly Situated,

    Plaintiff,

v.                                         Case No. 8:18-cv-02995-T-23SPF

INTELIDENT SOLUTIONS, LLC and
COAST DENTAL SERVICES, LLC,

    Defendant.
_____/

## AMENDED REPORT AND RECOMMENDATION

In this settled Fair Labor Standards Act ("FLSA") collective action, before the Court is Plaintiffs' motion for entry of final judgment under Rule 58 (Doc. 115). In September 2020, the District Judge approved the parties' settlement agreement as fair, adequate, and reasonable under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), and retained jurisdiction to enforce the settlement for 180 days after the settlement administrator issued checks to Plaintiffs (Doc. 91). The District Judge dismissed the case with prejudice and directed the Clerk to administratively close the case (*Id*. at 2-3).

Defendants did not fully fund the settlement according to the agreement's timeline. Consequently, late last year, after a hearing, the undersigned recommended that the district judge grant Plaintiffs' motion for final judgment (Doc. 115) and enter judgment for Plaintiffs and against Defendants for the unpaid settlement amount (Doc. 136). In the meantime, with that report and recommendation pending, Defendants filed a Notice of Payment in Full (Doc. 137) followed by an objection (Doc. 138), arguing Plaintiff's motion for final judgment is now moot because they satisfied their remaining payment obligations under the settlement. When

Plaintiffs countered that a final judgment is still required under the FLSA despite the fully funded settlement (Doc. 144), the district judge referred the issue back to the undersigned for a supplemental report and recommendation "[b]ased on events after issuance of the report and recommendation[.]" (Doc. 145 at 1).

The undersigned held a second hearing on February 16, 2022, and now recommends that Plaintiff's motion (Doc 158) be denied as moot. The parties agree with the undersigned's finding in the first report and recommendation (Doc. 136) that the Court's Approval Order satisfied the *Lynn's Food* requirement of a stipulated judgment (or consent decree) evincing the court's determination that the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." 679 F.2d at 1355; *see Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 935 (11th Cir. 2013) (noting the *Lynn's Food* "specific requirement of a stipulated judgment or consent decree enforcing a settlement."). Because the Court expressly retained jurisdiction over the settlement agreement, the Court's Approval Order operates as the functional equivalent of a consent decree. *Mayer*, 514 F. App'x at 934 ("[I]f the district court either incorporates the terms of the parties' settlement into its final order of dismissal or expressly retains jurisdiction to enforce the settlement, these judicial actions serve as the functional equivalent of a consent decree.") (quotations omitted); *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002) ("A formal consent decree is unnecessary in these circumstances because the explicit retention of jurisdiction or the court's order specifically approving the terms of the settlement are, for these purposes, the functional equivalent of the entry of a consent decree.").

Accordingly, the Court has ancillary jurisdiction to enforce the settlement agreement by entry of judgment. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381; *Rosner*

*v. United States*, 517 F. App'x 762, 765 (11th Cir. 2013). At this juncture, however, the parties stipulate that Defendants have satisfied their obligations under the settlement agreement, and the issue is moot.

The Court recommends:

(1) Plaintiffs' Motion for Entry of Final Judgment (Doc. 115) be **DENIED as moot**.

**IT IS SO REPORTED** at Tampa, Florida on February 16, 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object under § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions in this Report and Recommendation. 11th Cir. R. 3-1.